# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| **TYRONE GIBSON,** | **CASE NO. 1:20-CV-1026** |
| **Plaintiff,** | |
| **-vs-** | **JUDGE PAMELA A. BARKER** |
| **POLLAK FOOD DISTRIBUTORS, INC.,** | **MEMORANDUM OF OPINION AND** |
| **Defendant.** | **ORDER** |

This matter comes before the Court upon the Motion to Set Aside Entry of Default and For Leave to Respond to Complaint *Instanter* ("Motion") filed by Defendant Pollak Food Distributors, Inc. ("Pollak") on July 23, 2020. (Doc. No. 6.) Plaintiff Tyrone Gibson ("Gibson") filed a Brief in Opposition to Pollak's Motion on August 4, 2020, to which Pollak replied on August 11, 2020. (Doc. Nos. 7, 8.) Additionally, on July 8, 2020, Gibson filed a Motion for Default Judgment against Pollak. (Doc. No. 3.) For the following reasons, Pollak's Motion to Set Aside Entry of Default and For Leave to Respond to Complaint *Instanter* (Doc. No. 6) is GRANTED. Gibson's Motion for Default Judgment (Doc. No. 3) is DENIED.

## I. Background

Gibson worked for Pollak as a truck driver from February 2017 until March 2020. (Doc. No. 1 at ¶¶ 7, 22.) On January 8, 2020, Gibson fell ill and was admitted to the hospital with the flu, pneumonia, and a collapsed lung. (*Id.* at ¶¶ 10, 11.) Gibson notified Pollak that he was sick and that the doctor ordered him to remain off work until March 23, 2020. (*Id.* at ¶¶ 12-14.) Gibson alleges that Pollak never informed him of his ability to exercise his rights under the Family and Medical Leave Act ("FMLA"). (*Id.*) Gibson returned to work on March 23, 2020. (*Id.* at ¶ 21.) According

to Gibson, upon his return, Pollak terminated Gibson's employment "due to lack of work."  (*Id.* at ¶ 22.)

On May 11, 2020, Gibson filed a Complaint against Pollak alleging three causes of action: (1) FMLA interference, (2) FMLA retaliation, and (3) age discrimination under the Ohio Civil Rights Act.  (*Id.* at ¶¶ 24-50.)  The parties hotly dispute whether proper service occurred in this case. According to Gibson, Pollak was served with the Summons and Complaint via certified mail on May 17, 2020.  (Doc. Nos. 3, 3-1.)  The Certified Mail Return Receipt was addressed to Pollak's statutory agent, Yaakov Pollak.  (Doc. No. 3-1.)  Under "COMPLETE THIS SECTION ON DELIVERY," Item A, there is a signature.  (*Id.*)  Next to the signature, the box "Agent" is marked.  (*Id.*)  Under Item B, "Received by (Printed Name)," there is a semi-legible, handwritten entry that notes "Pollak – in box," and then is illegible.  Under Item C, "Date of Delivery," is the date, May 17, 2020.  (*Id.*)

Pollak did not answer Gibson's Complaint within 21 days, or by June 8, 2020.  (Doc. No. 3 at PageID# 16.)  On July 8, 2020, Gibson filed an Application for Entry of Default (Doc. No. 4) and a Motion for Default Judgment (Doc. No. 3).  The Deputy Clerk entered default against Pollak on July 8, 2020.  (Doc. No. 5.)  Gibson's Motion for Default Judgment remains pending.

On July 23, 2020, Pollak filed the instant Motion to Set Aside Entry of Default and For Leave to Respond to Complaint *Instanter*.  (Doc. No. 6.)  On August 4, 2020, Gibson filed a Brief in Opposition to Pollak's Motion.  (Doc. No. 7.)  On August 11, 2020, Pollak filed a Reply in Support of its Motion.  (Doc. No. 8.)  Pollak's Motion is now ripe and ready for resolution.

## II.     Legal Framework

Under Fed. R. Civ. P. 55(c), "[t]he court may set aside an entry of default for good cause."  In order to determine whether a party has shown "good cause" for the purposes of setting aside an entry

2

of default, the court considers the following factors: (1) whether the plaintiff will suffer prejudice, (2) whether the defendant has a meritorious defense, and (3) whether culpable conduct of the defendant led to the default. *See Waifersong, Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992) (citing *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir.1983); 10 Charles A. Wright et al., *Federal Practice and Procedure* § 2692, 2694 (1983)).

Fed. R. Civ. P. 55(c) leaves the decision to set aside the entry of default to the discretion of the trial judge. *Shepard Claims Service, Inc. v. William Darrah & Associates*, 796 F.2d 190, 193 (6th Cir. 1986). However, "trials on the merits are favored in federal courts because they serve the best interests of justice, so 'any doubt should be resolved in favor of the petition to set aside the judgment.'" *Unger v. Ohio Flame, LLC*, No. 1:13-cv-854, 2013 WL 12121504, at *2 (W.D. Mich. Nov. 26, 2013) (quoting *United Coin*, 705 F.2d at 846).

### III.    Analysis

Pollak filed its Motion after entry of default, but before a default judgment was entered. Therefore, this Court applies the "good cause" standard found in Fed. R. Civ. P. 55(c), rather than the more demanding standard under Fed. R. Civ. P. 60(b). To demonstrate good cause, Pollak must show that Gibson will not suffer prejudice by setting aside the default, that Pollak's defenses are meritorious, and that Pollak's conduct was not culpable. *See United Coin*, 705 F.2d at 845.

### A.  Prejudice

When determining if the plaintiff will be prejudiced by the court vacating an entry of default, delay alone is not prejudice. *United Coin*, 705 F.2d at 845; *Berthelsen v. Kane*, 907 F.2d 617, 621 (6th Cir. 1990). Instead, the plaintiff must demonstrate that delay will cause "loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." *Berthelsen*, 907

3

F.2d at 621.  Rightly, Gibson concedes that he would not suffer any prejudice if this Court grants Pollak's Motion.  Therefore, the Court finds that Gibson will not suffer prejudice upon the setting aside of the entry of default.

### B.  Meritorious Defenses

Next, the Court must consider whether the defendant's defenses are meritorious.  When determining whether a defense is "meritorious," the Court does not look at the defense's likelihood of success, but rather "whether the defense is one recognized by the law, taking all facts in the light most favorable to the defendant."  *Unger*, 2013 WL 12121504, at *2 (citing *Berthelsen*, 907 F.2d at 621-22).  "[I]f any defense relied upon states a defense good at law, then a meritorious defense has been advanced."  *Union Coin*, 705 F.2d at 845.

Pollak's claimed defense to Gibson's FMLA interference claim is that Gibson took his leave of absence without any denial of or interference with leave by Pollak.  (Doc. No. 6 at PageID# 29.) Pollak's claimed defense to Gibson's FMLA retaliation and age discrimination claims is that Pollak never terminated Gibson's employment, but instead Gibson voluntarily abandoned his job.  (*Id.*)  In his Opposition, Gibson argues that Pollak does not advance any meritorious defenses because a moving party "must support its general denials with some underlying facts."  (Doc. No. 7 at PageID# 46-47.)  Gibson argues that Pollak's proposed Answer "simply asserts general denials," which is insufficient when moving to set aside an entry of default.  (*Id.*)  In its Reply, Pollak asserts that its defenses, while simple, are meritorious because these defenses are "'good at law' and will defeat Plaintiff's claims."  (Doc. No. 8 at PageID# 52.)

The Court finds that Pollak pled sufficiently meritorious defenses.  With respect to all of Gibson's claims, Pollak's defenses, if true, would render Gibson unable to establish the necessary

4

*prima facie* cases to prevail against Pollak.  *See, e.g., Hoge v. Honda of America Mfg., Inc.*, 384 F.3d 238, 244 (6th Cir. 2004) (one element of the *prima facie* case for FMLA interference is that the employer "denied [the employee] FMLA benefits or interfered with FMLA rights to which [ ]he was entitled"); *see also Hammon v. DHL Airways, Inc.*, 165 F.3d 441, 450 (6th Cir. 1999) (plaintiff must establish he was subject to an "adverse employment decision," but voluntary resignation is not an "adverse employment decision").  Thus, there is at least "a hint of a suggestion" that Pollak may succeed at trial.  *Union Coin*, 705 F.2d at 845.

Gibson's argument that Pollak fails to substantiate its general denials with any factual support is without merit.  In its Motion and proposed answer, Pollak asserts two basic defenses that, if proven, are good at law.  (*See* Doc. Nos. 6, 6-1.)  The cases that Gibson relies upon are distinguishable from the case at bar because Pollak has alleged specific—albeit basic—defenses to each of Gibson's claims.  *See In re Park Nursing Center, Inc.*, 766 F.2d 261, 263-64 (6th Cir. 1985) (defendant failed to allege any argument whatsoever regarding a meritorious defense; defendant also moved for relief from default judgment under the higher bar of Fed. R. Civ. P. 60(b)); *Sony Corp. v. Elm State Electronics, Inc.*, 800 F.2d 317, 320-21 (2d Cir. 1986) (defendant alleged general denials without mention of specific defenses to plaintiff's claims); *Smith v. Commissioner*, 926 F.2d 1470, 1480 (6th Cir. 1991) (defendant offered no explanation for his asserted net worth difference compared to the IRS's calculation and no suggestion that he could provide any evidence to support his assertion).  Pollak's defenses boil down to the same assertion advanced in countless discrimination cases: that the plaintiff cannot establish one or more prongs in his *prima facie* cases of discrimination.  Pollak's defenses are sufficiently meritorious to weigh in favor of setting aside the entry of default.

### C.  Culpable Conduct

Finally, the Court asks whether the culpable conduct of the defendant led to the default.  "To be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings."  *Shepard*, 796 F.2d at 193.  "[M]ere negligence or failure to act reasonably is not enough to sustain a default."  *United States v. $22,050.00 U.S. Currency*, 595 F.3d 318, 327 (6th Cir. 2010).  Setting aside the default is appropriate when the delay was not lengthy and when there is no pattern of disregard for the Court or its rules.  *Shepard*, 796 F.2d at 194.  Additionally, "where the party in default satisfies the first two requirements for relief and moves promptly to set aside the default before a judgment is entered, the district court should grant the motion if the party offers a credible explanation for the delay that does not exhibit disregard for the judicial proceedings."  *Id.* at 195.

The parties hotly dispute whether Pollak received proper service.  Pollak alleges that, while it was aware of the existence of this lawsuit, it was unaware that it had been served with the Complaint.  (Doc. No. 6 at PageID# 30.)  Pollak alleges that it was waiting to be served with the Complaint before filing a response.  (*Id.*)  Pollak alleges that Gibson's counsel failed to comply with Local Rule 4.2, which resulted in several deficiencies in Gibson's service of process.  (*Id.* at PageID# 27.)  Further, Pollak's statutory agent, Yaakov Pollak, declared that he did not know who signed the Certified Mail Return Receipt (the "green card") attached to the service of process and that, to his knowledge, "no one at Pollak signed the green card."  (Doc. No. 6-2 at ¶ 4.)  Pollak alleges that it only learned of the entry of default when its counsel checked the docket on July 20, 2020.  (Doc. No. 6 at PageID# 27.)  At that point, Pollak filed the instant Motion only three days later.  (*Id.*)

In response, Gibson vigorously asserts that Pollak was properly served under the Federal Rules.  (Doc. No. 7 at PageID# 44.)  Gibson argues that Pollak was aware of service of the Complaint as of May 17, 2020 because the green card was delivered to Pollak's statutory agent on May 17, 2020 and reflects a signature of an agent.  (*Id.* at PageID# 44-45; Doc. No. 7-1.)  Gibson further alleges— without any support—that Pollak "intentionally ignored" the Complaint until it sent Gibson a "sham offer" on June 30, 2020 to return to work.  (Doc. No. 7 at PageID# 47.)  According to Gibson, only when he refused this offer did Pollak file the present Motion.  (*Id.*)

On Reply, Pollak again argues that Gibson failed to comply with Local Rule 4.2(a), with the result that the Clerk of Courts did not receive the return receipt.  (Doc. No. 8 at PageID# 52.)  Pollak argues the absence of proper service of process belies culpable conduct.  (Doc. No. 8 at PageID# 53.)  Because service was improper, the entry of default must be set aside.  (*Id.*)

Pollak's behavior may have been careless and perhaps even negligent, but it does not rise to the level of culpability described in *Shepard*.  First, the delay was not lengthy.  Yaakov Pollak declared that Pollak learned of the entry of default on July 20, 2020.  (Doc. No. 6-2 at ¶ 3.)  On July 23, 2020, only three days later, Pollak filed its Motion to Set Aside Entry of Default.  (Doc. No. 6.)

Second, there is no demonstrated pattern of disregard for court orders or rules.  The Court notes that, upon learning of the entry of default, Pollak immediately filed the instant Motion.  (Doc. No. 6 at PageID# 30.)  Further, while Gibson alleges that Pollak intentionally ignored the Complaint while it waited to see if Gibson would accept its "sham" offer of reemployment, the record does not support such an allegation.  (Doc. No. 7 at PageID# 47.)  In *Shepard*, the plaintiff similarly accused the defendant of encouraging his attorney to engage in dilatory tactics.  796 F.2d at 195.  There, the court noted that there was "no basis in the record for finding that the present case involved a deliberate

7

attempt by [the defendant] to delay the proceedings." *Id.*  Similarly, there is no basis in the record to find that Pollak intentionally or recklessly engaged in a *pattern* of disregard for the Court or its rules. Further, there is a "strong policy in favor of deciding cases on their merits [that] outweighs any inconvenience to the court or [the plaintiff] resulting from the relatively short delay in answering." *Id.* at 194.  Because Pollak's conduct does not display a pattern of intent to thwart these proceedings or a reckless disregard for the effect of its conduct, and because there is a strong preference for settling cases on their merits, the Court finds that Pollak's conduct is not sufficiently culpable.

Accordingly, Defendant has shown good cause to set aside the entry of default under Fed. R. Civ. P. 55.  Plaintiff has not suffered prejudice as a result of the slight delay, Defendant pled meritorious defenses, and Defendant did not exhibit culpable conduct.

## IV.    CONCLUSION

For the reasons set forth above, Defendant's Motion to Set Aside Entry of Default and For Leave to Respond to Complaint *Instanter* (Doc. No. 7) is GRANTED.  Plaintiff's Motion for Default Judgment (Doc. No. 3) is DENIED.  Defendant is directed to file its proposed Answer (Doc. No. 6-1) no later than Thursday, August 27, 2020.

**IT IS SO ORDERED.**


  *s/Pamela A. Barker*
PAMELA A. BARKER
Date:  August 26, 2020          U. S. DISTRICT JUDGE

8